# CHARLESTON

## NUTTALL v. MCVEY.

Submitted January 14, 1908.　　Decided January 21, 1908.

1. ACKNOWLEDGMENT—*Validity—Examination of Married Women.*

    A certificate, made in 1868, of acknowledgment by a married woman of a deed failing to state that on privy examination she acknowledged the deed renders the deed void as to her. (p. 382.)

2. VENDOR AND PURCHASER—*Bona Fide Purchaser—Notice.*

    One who takes a conveyance of land in actual possession of a prior purchaser under an executory contract of sale from the same vendor is a purchaser with notice of the right of such prior purchaser, and in equity holds the legal title as trustee for such prior purchaser, and equity will compel such second purchaser to convey the title legal to the prior purchaser. (p. 383.)

3.  SPECIFIC PERFORMANCE—*Laches.*

  A purchaser in actual possession of land under an executory contract of sale will not be barred by *laches* from enforcing his right to a conveyance.   (p. 384.)

Appeal from Circuit Court, Fayette County.

Bill by L. W. Nuttall and others against T. C. McVey. Decree for defendants, and plaintiffs appeal.

*Reversed.     Remanded.*

SIMMS & ENSLOW and WALKER & SUMMERFIELD, for appellants.

DILLON & NUCKOLLS, for appellees.

BRANNON, JUDGE:

A tract of about three hundred acres of land was owned by W. S. McVey under grant to him by the State of Virginia, 3rd August, 1841. In 1862 W. S. McVey sold this land to J. F. Cavendish for $600, $100 down and the balance in five notes of $100 each payable annually. McVey made to Cavendish a title bond stipulating for conveyance of the legal title on payment of the purchase money, and placed Cavendish in actual possession of the land at the date of the title bond, and Cavendish made large improvements on the land, and he and those claiming under him have ever since the date of the title bond been in actual possession of the land, continuously. W. S. McVey died in 1864 without having made a deed to Cavendish in execution of the title bond. McVey died intestate, leaving an only child as his heir, Mary Ann, who married Henry Patterson. On the 18th day of March, 1868, said Patterson and wife made a deed conveying said land to J. F. Cavendish, reciting the consideration as $600, acknowledging its payment and reciting that they were the legal heirs of W. S. McVey. By deed dated 3rd day of August, 1903, Mary Ann Patterson, then a widow, conveyed to her son-in-law, T. C. McVey, the same land, for the consideration of $75. This land came to the ownership of John Nuttall, and he died having by his will devised it to his children, L. W. Nuttall, Martha Taylor, Susan Todd and E. A. McGaffy. In May, 1905, these heirs (devisees) brought a chancery suit in the circuit court of Fayette county against T. C. McVey and others setting up

their right to the land and certain mineral interests therein under said Cavendish, and praying that the deed made by Mary Ann Patterson to T. C. McVey be cancelled as a cloud upon their title, and that if the court should hold as void the deed from Henry Patterson and wife to Cavendish, then Mary Ann Patterson be compelled to convey the land to the plaintiffs by way of specific performance of the title bond made by W. S. McVey to J. F. Cavendish, and for general relief. This land was leased for coal mining by John Nuttall, some of it in his lifetime, and other parts by his heirs, to the Nuttallburg Coal and Coke Company; and John Nuttall built a railroad through it, which was leased to the Chesapeake and Ohio Railway Company, and said coal company and railway company being in possession under the Cavendish title, T. C. McVey brought an action of ejectment against them; and the plaintiffs in this chancery suit, in addition to the other relief prayed for as above mentioned, asked an injunction against the prosecution of the action of ejectment. The decree in the case wholly dismissed the plaintiffs' bill without reilef.

The first question up is, as to the validity of the deed from Mary Ann Patterson and her husband to Cavendish. Of course, if that deed and its recordation are valid the title of the plaintiffs is beyond question, and they being in possession could maintain this chancery suit to remove that deed to McVey as a cloud on title. The deed dated 18th March, 1868, from Patterson and wife to Cavendish is void because of a bad certificate of acknowledgment as to Mary Ann Patterson, then a married woman by the law then in force. That certificate states that Patterson and wife appeared before the recorder "and acknowledged the same to be their act and deed, and she, the said Mary Ann Patterson, wife as aforesaid, being examined by me separate and apart from her said husband, and having the deed aforesaid fully explained to her, declared that she had willingly of her free will, signed, sealed and executed the same, and that she wished not to retract it." That certificate is bad and renders the deed void under several decisions of this Court. *McMullin* v. *Eagan,* 21 W. Va. 233; *Laidley* v. *Land Co.*, 30 *Id.* 505. We are asked to reverse the holdings in these cases.

They have been so long recognized and are rules of property, and we decline to reconsider this matter.

The deed being void by no means loses the title of the plaintiffs. Cavendish and those claiming under him have had possession of the land since 1862, and when T. C. McVey, in 1903, took a deed from Mary Ann Patterson he actually knew, as he himself says, not only of the void deed, but he knew, as he himself says on the witness stand, that Cavendish and those under him had had possession for thirty years. We concede that this actual knowledge of that void deed would not affect him with notice of the right of Cavendish. *Central Land Co.* v. *Laidley*, 32 W. Va. 134. But the actual possession under the Cavendish title bond was notice, in law, to T. C. McVey of the rights of persons under that title, and put upon him the duty of inquiry of those in possession to ascertain all their rights. *Frame* v. *Frame*, 32 W. Va. 464. Inquiry would have led him to know of their rights under the said title bond. He knew of their possession during years prior to that void deed. Argument is made that the void deed was on record, and that we must ascribe possession to it, and to it only, and limit the effect of the notice of actual possession to notice of right only under that deed, and deny to Cavendish and those claiming under him the benefit arising from possession under the title bond. This cannot be so. Inquiry would have told them better. We say that Cavendish and those under him may defend their rights by possession under the title bond, without being limited to their rights under the void deed. That deed was void. Possession had commenced before it. In *Withers* v. *Carter*, 4 Grat. 407, whilst an unrecorded deed could not afford protection to a purchaser in possession, a title bond was held to protect him. Possession under it was good, and he was remitted to and allowed its benefit, the deed failing him. So in *Floyd* v. *Harding*, 28 Grat. 401. T. C. McVey was thus a purchaser with notice and cannot claim to stand in the shoes of a purchaser for valuable consideration without notice of rights under Cavendish's title bond.

When Mrs. Patterson's father sold to Cavendish he held the legal title as trustee for the benefit of Cavendish upon many authorities. *State* v. *Harman*, 57 W. Va. p. 462; *Liskey* v. *Snyder*, 56 *Id.* p. 620; *Ballard* v. *Ballard*, 25

*Id.* 477. And as T. C. McVey purchased with legal notice of the right of Cavendish, so, too, he holds the legal title in trust for those owning the land under the Cavendish right. McVey in his lifetime, his daughter, Mary Ann Patterson, after his death, were bound to convey legal title to Cavendish or his assignees. So, too, T. C. McVey holds, in the eye of a court of equity, in trust and must convey the land to the plaintiffs. *Reel* v. *Reel,* 59 W. Va. 106. Equity will follow up the title and execute this trust, unless the land were found in the hands of a purchaser for valuable consideration without notice; but T. C. McVey is not such a purchaser. *Ballard* v. *Ballard,* 25 W. Va. p. 477.

We are told that by the law in force when Mrs. Patterson acquired legal title by descent, she being a married woman, the deed of herself and her husband conveying to Cavendish an estate for the life of her husband, an estate by the curtesy, she could not sue until his death, and therefore his right and the rights of T. C. McVey, are not barred by the statute of limitations. That would be so, if the statute of limitations were really the question in the case. It is not. This is a case of a purchaser under an executory contract in possession, and that statute cuts no figure, has nothing to do with the case.

We are told that the reason why the circuit court dismissed the bill was that so many years had elapsed from the purchase by Cavendish of W. S. McVey that the rights of Cavendish and of the plaintiffs under him were defeated by time and *laches.* To so hold would violate obvious principles of justice and established law. Is it possible that when a purchaser under executory contract, in actual possession, who has paid the purchase money can be denied a conveyance merely from lapse of time? It was the duty of Mrs. Patterson to convey the land to her father's purchaser, and that by proper deed. She did attempt to do so, but her act was abortive in law, and are we to be told that the rights of Cavendish are to be lost under the plea that they brought this suit too late? If there had been no possession under that title bond, and Cavendish had slept upon his rights forty-three years, the case would be different; but where he is in possession, time does not bar his rights. *Frame* v. *Frame,* 32 W. Va. 463.

A vendee in possession holding with the vendor's consent will not be barred by lapse of time from demanding the legal title. *Abbott* v. *L'Hommedieu*, 10 W. Va. 677; *Mullins* v. *Shrewsbury*, 60 *Id.* 696. I will cite no further authorities for this patent proposition of law and justice.

Therefore, we reverse the decree, and it is now here adjudged, ordered and decreed that T. C. McVey holds the legal title to the tract of 300 acres of land in the record mentioned, conveyed to him by Mary Ann Patterson by deed dated the 3rd day of August, 1903, in trust absolutely for the benefit of L. W. Nuttall, Martha Taylor, Susanna Todd and E. A. McGaffey, and that said T. C. McVey has no right to said land as against them, and that he do, by proper deed, duly acknowledged for recordation, convey said land, with special warranty, to said Nuttall, Taylor, Todd and McGaffey, and that said McVey be perpetually enjoined from prosecuting the action of ejectment pending in the circuit court of Fayette county wherein he is plaintiff and the Nuttallburg Coal Company and the Chesapeake and Ohio Railway Company are defendants. And this case is remanded to said circuit court with direction to cause said T. C. McVey to so convey said land.

*Reversed. Remanded.*