659 P.2d 660

**SUPPLIES FOR INDUSTRY, INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**Larry CHRISTENSEN and Jane Doe Christensen, husband and wife, Defendants/Appellants.**

No. 2 CA–CIV 4417.

Court of Appeals of Arizona, Division 2.

Jan. 27, 1983.

**108**

Winston & Strawn by Arthur P. Greenfield and Richard W. Shapiro, Phoenix, for plaintiff/appellee.

Lesher, Clausen & Borodkin, P.C. by Robert O. Lesher, Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This appeal is from the granting of a preliminary injunction ordering the appellant, Larry Christensen, not to compete with the appellee, Supplies for Industry, Inc. Christensen founded the company known as Supplies for Industry, Inc., (hereinafter SFI) in 1959. The primary business conducted by SFI was the sale of equipment and supplies to mining and construction industries. In 1970, Christensen sold his SFI stock to IMC Magnetics Corp. (hereinafter IMC) and entered an employment agreement with IMC under which he was to act as president and general manager of SFI. The employment contract, dated December 31, 1970, contains the following covenant not to compete:

> "... during the continuance of his employment ... and for a period of three years thereafter he will not, directly or indirectly ... solicit, accept or in any way establish or engage in any business in which Supplies for Industry Division may engage under the active supervision or cosupervision of Employee during the term of his employment, which competes, directly or indirectly, with Supplies for Industry Division ...
>
> Recognizing the irreparable nature of the injury which could be caused by his violation of this Section 6, Employee agrees that any such violation shall be the subject matter for immediate injunctive relief ...."

"Supplies for Industry Division" was defined in the contract as "... the subsidiary or subsidiaries or division or divisions of the Company which from time to time in the future operate the business conducted by Supplies for Industry, Incorporated..." The original terms of the employment agreement provided for a five-year period of employment which was subsequently extended for an additional five years.

IMC sold its SFI stock to Bennett Investment Corp. (Bennett) in 1979. In the sale contract, Bennett agreed to honor the terms of Christensen's employment contract if Christensen so desired. After the sale of stock to Bennett, Christensen continued to act as president of SFI until May of 1980, and thereafter he acted as consultant to SFI until March 1, 1981.

When Christensen informed the president of Bennett that he intended to leave the company, the president told Christensen that Bennett had been assigned Christensen's employment contract. At that time, Christensen informed the president of Bennett that he had received a complete release from IMC on July 8, 1980, which discharged any claims IMC had against Christensen.

On March 1, 1981, Christensen left the employ of SFI. Less than one month later, he began working for a direct competitor and SFI sought an injunction ordering Christensen not to compete.

After a hearing, the trial court granted an injunction ordering Christensen not to engage in business competition with SFI for a period of three years from March 1, 1981. It is Christensen's position that the trial court erred in granting the injunction because, he argues, SFI is neither an assignee nor a third party beneficiary of the contract, thus SFI has no right to enforce the covenant not to compete. Christensen further contends that even if SFI were an assignee or third party beneficiary of the contract, SFI is nevertheless precluded from enforcing the covenant not to compete because the release given to Christensen by IMC on July 8, 1980, operated to discharge the covenant.

■ We affirm the trial court's granting of the injunction for the reasons that follow. SFI was an intended third party beneficiary of the employment agreement between Christensen and IMC. A third party intended beneficiary is found where recognition of the right to performance in the beneficiary is appropriate to effectuate the intention of the parties, and the circumstances indicate that the promisee intended to give the beneficiary the benefit of the promised performance. Restatement (Second) of Contracts, § 302 (1982). Christensen promised in the employment contract that he would not compete with any subsidiary of IMC which may in the future operate the business conducted by Supplies for Industry, Inc. SFI was the only such subsidiary. The obvious purpose of the covenant not to compete was to protect the business operated by SFI even if SFI should change its name. The intent was to benefit SFI. As an intended beneficiary of the contract, SFI was entitled to enforce the covenant not to compete. Restatement (Second) of Contracts, § 304 (1982).

■ Christensen argues that even if SFI were a third party beneficiary of the contract, his duty under the covenant not to compete was discharged when he was given the release by IMC. We disagree. Christensen's contention that the release executed by IMC on July 8, 1980, operated to discharge him of his promise not to compete would have been well taken if SFI had sought enforcement of the covenant solely on the basis that it was a third party beneficiary. The Restatement (Second) of Contracts, § 311 (1982), states that the duty to an intended beneficiary may be discharged by a subsequent agreement between the promisor and promisee unless a term in the contract creating the duty provides otherwise or unless the beneficiary, before he has notice of the release, materially changes his position in justifiable reliance on the contract, brings suit on the contract or manifests assent to the contract at the request of the promisor or promisee. In this case, the employment contract contained no provision to the effect that the duty to the beneficiary could not be modified and SFI did not materially change its position in justifiable reliance on the contract, did not manifest its assent at the request of IMC or Christensen, nor bring suit on the contract before it had notice of the release. Thus IMC and Christensen would have been free to discharge the covenant not to compete by mutual agreement except for the fact that, at the time the release was executed, IMC had already assigned the contract. Thus, the release was ineffective to discharge Christensen's promise not to compete.

■ Although the employment agreement was never expressly assigned, when IMC sold its SFI stock to Bennett in 1979, an equitable assignment of the employment contract took place. By entering the employment contract, which contained a clause stating "This Agreement shall inure to the benefit of and be binding upon the Company, its successors and assigns ..." Christensen consented to such an assignment. Furthermore, by continuing to work for and accept compensation from SFI after the sale of stock, Christensen obviously had notice of and apparently acquiesced in the assignment. Arizona has recognized the doctrine of equitable assignments in *Morton v. Rogers*, 20 Ariz.App. 581, 514 P.2d 752 (1973). Equitable assignments are discussed in the comment to 6A C.J.S., Assignments, § 53(a), as follows:

> "No particular form is necessary to constitute an equitable assignment, and any words or transactions which show an intention on the one side to assign and an intention on the other to receive, if there is a valuable consideration, will operate as an effective equitable assignment ..."

Although the trial court found an equitable assignment of the contract occurred from IMC to SFI, we are unable to agree with this conclusion because SFI supplied no consideration for the assignment. We believe, however, that the three requirements of an equitable assignment—intent to assign, intent to receive and valuable consideration—were present in the sale of stock transaction between IMC and Bennett.

The circumstances of the sale of stock from IMC to Bennett, specifically the extensive attention given to Christensen's employment agreement, give rise to an inference that IMC intended to assign the contract to Bennett; the trial court made an express finding that Bennett had the requisite intent to receive the assignment; and consideration was present in the purchase and sale of the SFI stock. Bennett is thus the equitable assignee of the employment contract.

Because IMC assigned its rights under the employment contract to Bennett before it executed the release in favor of Christensen, the release was ineffective to discharge Christensen's duty under the covenant not to compete.

Although Bennett instead of SFI is the assignee of the contract, SFI is still a third party beneficiary. As such, SFI is entitled to enforce the covenant not to compete and the injunction was properly granted.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.