700 P.2d 883

**In the Matter of the ESTATE OF Joseph LEVINE, Deceased.**

**Gloria BERGER, Shirley Miller, and Samuel Levine, Plaintiffs/Appellants,**

v.

**The ESTATE OF Joseph LEVINE, and Anne G. Levine, as Personal Representative and Anne G. Levine in her individual capacity, Defendants/Appellees.**

**No. 2 CA–CIV 5144.**

Court of Appeals of Arizona, Division 2.

Jan. 4, 1985.

Review Denied March 12, 1985.

---

1. 42 U.S.C. § 1983.

Stompoly & Even, P.C. by Charles E. Giddings, Tucson, for plaintiffs/appellants.

Waterfall, Economidis, Caldwell & Hanshaw, P.C. by John N. Iurino and John C. Rambow, Tucson, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

Appellants, the children of decedent, Joseph Levine, appeal from the dismissal of their complaint to impose a constructive trust against the estate and the personal representative, as such and individually. Their complaint arises out of an agreement between decedent and his first wife, Rose, wherein decedent agreed to make a will bequeathing his estate to his children with the proviso that he could leave 25% of his estate or $25,000, whichever is less, to someone else. The complaint is also based upon a prenuptial agreement between decedent and his second wife, Anne, appellee, providing that she would be entitled to receive not more than 25%, up to a maximum of $25,000, from his estate, and her agreement to waive any further claim against his property or estate.

Contrary to both agreements, the decedent's will does not leave the bulk of his estate to his children. Joseph Levine died on December 6, 1981. Appellants' previous counsel timely filed a creditor's claim against the estate on May 28, 1982. The claim was for an undetermined but determinable amount based upon the property settlement agreement between decedent and his first wife, Rose, including the agreement to make a will. The personal representative filed a notice of disallowance of the creditor's claim on July 26, 1982.

On January 20, 1983, appellants filed their complaint against the Estate of Joseph Levine, and Anne Gamburg Levine, as personal representative and individually, in an effort to overturn the disallowance of July 26, 1982. The personal representative's motion to dismiss appellants' complaint on the basis that it was barred as untimely by the provisions of A.R.S. § 14–3806,[1] was ultimately granted. This appeal is taken with respect to the order of dismissal of the count in appellant's complaint that seeks to impose a constructive trust against property derived from the decedent and in the hands of Anne Gamburg Levine either as personal representative or individually.

Does an action lie against an estate, personal representative, and/or an individual to impose a constructive trust against property held by the estate, personal representative, and/or individual where a decedent devises property in breach of a contract to make a will? A.R.S. § 14–2701[2] authorizes a contract to make a will. Appellants argue that there are two written contracts signed by decedent evidencing a contractual obligation to leave the bulk of his estate to his children. Appellees respond that the issue is not whether the contract to make a will is valid, but whether appellants' claims or breach of contract are subject to the procedural requirements of A.R.S. § 14–3801, et seq., and particularly A.R.S. § 14–3803, which provides:

---

1. "A.R.S. § 14–3806. Allowance of claims.

A. ... Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than sixty days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar."

2. "A.R.S. § 14–2701. Contracts concerning succession.

A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after the effective date of this title, can be established only by one or more of the following:

\*     \*     \*     \*     \*     \*

3. A writing signed by the decedent evidencing the contract."

"A.R.S. § 14–3803. Limitations on presentation of claims

\* \* \* \* \* \*

B. All claims .... against a decedent's estate which arise at or before the death of the decedent ... whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows: 1. A claim based on a contract with the personal representative, within four months after performance by the personal representative is due."

Such claims, presented within four months after performance by the personal representative is due, are subject also to action being commenced within 60 days after the personal representative has disallowed the claim as required per A.R.S. § 14–3804 and § 3806.

■■■ It is clear that appellants' claims are based upon an alleged breach of the contract to make a will. Their claim therefore falls within the requirements of submission of a claim prescribed by the foregoing statutes. Moreover, it has been recognized that a claim founded upon a contract to make a will falls within the claims procedure outlined in the statutes. See *In re Estate of Moore*, 137 Ariz. 176, 669 P.2d 609 (App.1983); *In re Estate of Beauchamp*, 115 Ariz. 219, 564 P.2d 908 (App. 1977). The purpose of the statutory claims procedure is to facilitate and expedite the speedy and orderly administration of estates. *In re Estate of Mast*, 21 Ariz.App. 21, 515 P.2d 48 (1973). Thus, all claims against the estate must be presented in the time and manner provided by statute. Appellants' claim is no exception.

■■■ Appellants' rights derive from their possible status as third-party beneficiaries of the contract to make a will. The remedies arising to them for breach of such a contract are damages or a constructive trust. See *Minderman v. Perry*, 103 Ariz. 91, 93, 437 P.2d 407, 409 (1968), where the court, (quoting B. Sparks, Contract to De-

vise or Bequeath as an Estate Planning Device, 20 Mo.L.Rev. 1) stated:

" 'The substance of the thing agreed upon is the transfer of property to the promisee at the death of the promisor. The remedy granted by the court seeks either to accomplish that result or to award damages for its failure. The fact that a will was the vehicle through which it was contemplated that the desired result would be achieved is merely incidental.' "

■■■ The constructive trust remedy sought to be employed by appellants arises out of an alleged breach of contract to make a will, and therefore it is essential, since their claim evolves from the underlying contracts, that they follow the claims procedure prescribed by statute in pursuing their remedies. The bar is both to the right and the remedy. *Lowry v. Crandall*, 52 Ariz. 501, 83 P.2d 1003 (1938). We find the cases cited by appellants for the proposition that an action to impose a constructive trust against property held by the estate or a personal representative may be brought against the estate without complying with the statutory claims procedure to be inapposite and distinguishable. In each, the claimant contended that the property held by the estate was not estate property. *Fernandez v. Garza*, 88 Ariz. 214, 354 P.2d 260 (1960) (claimant contended property was partnership property under a partnership agreement with decedent); *Hanrahan v. Sims*, 20 Ariz.App. 313, 512 P.2d 617 (1973) (contention was that property was not estate asset to the extent of claimant's half of the community); *Lecky v. Staley*, 6 Ariz.App. 556, 435 P.2d 63 (1967) (property was alleged to be subject to express trust created by decedent). Appellants claim on the other hand that decedent's breach of contract to make a will forecloses their participation as devisees in the estate property. As the court recognized in *Grossman v. Selewacz*, 417 So.2d 728, 730 (Fla. App.1982):

"What appellants fail to realize is that the basis for the rule regarding specifically identifiable property being exempt

from operation of the non-claim statute is that the person demanding the property must allege facts which show that he holds equitable title to the specifically identifiable property and thus that property does not constitute part of the decedent's estate."

Likewise, appellants do not claim that the property is not estate property. Rather, they contend that the estate property should have been devised to them by the decedent. The essence of their claim is breach of contract by the decedent and therefore constitutes a claim against the estate. Failure to comply with the statutory claims procedure, the limitations having passed, bars their claim.

■ Appellants contend that it is self-evident that their action against Anne Gamburg Levine individually to impose a constructive trust against the property which she obtained from the decedent by means other than through his estate, is not subject to the non-claims statute because such property is not included in the decedent's estate and therefore is not subject to administration. Accordingly, they contend, the trial court erred in dismissing their complaint as being barred by A.R.S. § 14–3806. However, it is a general rule in Arizona that a trial court will be affirmed when it reaches the correct conclusion even if it does so for a wrong reason. *Gary Outdoor Advertising Co. v. Sun Lodge*, 133 Ariz. 240, 650 P.2d 1222 (1982). We find that the prenuptial agreement is not a contract to make a will, but, rather, is a limitation on Anne Levine's rights in anticipation of her becoming Joseph Levine's spouse. The prenuptial agreement does not prohibit her from receiving inter vivos gifts or testamentary dispositions from the decedent's estate.

Paragraph One of the prenuptial agreement provides that it shall be governed by Florida law. Arizona courts generally look to the Restatement (Second) of Conflict of Laws, to determine which jurisdiction's law applies. See *Burr v. Renewal Guaranty Corporation*, 105 Ariz. 549, 468 P.2d 576 (1970). The Restatement provides that the law of the state chosen by the parties to govern their contractual rights and duties will apply unless the chosen state has no relationship with the parties and the transaction, or unless the application of the law of the chosen state will be contrary to the fundamental policy of the forum state. See Restatement (Second) of Conflict of Laws, § 187 (1969). It is also pointed out that the prenuptial agreement provides that Anne Levine waived her statutory rights arising from her status as decedent's spouse. In effect, the agreement restricts her ability to enforce statutory rights to which she would otherwise be entitled. It does not limit the decedent's ability to make inter vivos gifts or testamentary dispositions.

■ Any rights which appellants may have as third-party beneficiaries under the prenuptial agreement are questions of contract construction and therefore a question of law. See *Basurto v. Utah Construction & Mining Company*, 15 Ariz. App. 35, 485 P.2d 859 (1971). Whether appellants are third-party beneficiaries under the prenuptial agreement must be determined by Florida law. The right to sue as a third-party beneficiary is limited by Florida law to situations where the contract clearly demonstrates a primary and direct intention to benefit the third party. *Security Mutual Casualty Company v. Pacura*, 402 So.2d 1266 (Fla.App.1981). Also, see *Basurto v. Utah Construction and Mining Company*, supra. Nothing in the prenuptial agreement prohibits the decedent and Anne Levine from modifying it. The decedent did so and we do not find that appellants' assent was necessary since the prenuptial agreement contained no provision prohibiting the parties from deviating from its terms. See *Joseph Bucheck Construction Corporation v. W.E. Music*, 420 So.2d 410 (Fla.App.1982); *Supplies for Industry, Inc. v. Christensen*, 135 Ariz. 107, 659 P.2d 660 (App.1983).

We hold that the probate court correctly dismissed appellants' complaint. Appellees

are awarded their costs and attorneys fees on appeal.

BIRDSALL, C.J., and HOWARD, J., concur.