752 P.2d 39

**Cheryl KNOTT, Plaintiff/Appellant,**

v.

**Denice D. VACHAL, Administratrix of the Estate of Denny Lee Vachal, Deceased; Denice D. Vachal, individually, Defendant/Appellee.**

No. 2 CA–CV 88–0038.

Court of Appeals of Arizona, Division 2, Department A.

March 10, 1988.

Leek & Petica by Ron Petica, Bullhead City, for plaintiff/appellant.

John C. Churchill, Parker, for defendant/appellee.

OPINION

HOWARD, Presiding Judge.

Does the survivor of an unmarried cohabitation relationship have to file a claim against the estate of the deceased member for the share of assets she claims she is entitled to pursuant to an express agreement to hold the property as joint tenants? We hold that she does not because her claim is one for equitable title to property and thus not for property which is part of the estate of the deceased.

The plaintiff and the decedent cohabited for some time prior to his death on May 25, 1986. Plaintiff originally filed a claim against the decedent's estate based on an agreement by the plaintiff and the deceased to cohabit and share in the property which both owned at the time the cohabitation began and property accumulated thereafter. The personal representative disallowed the claim. The plaintiff did not file a petition for allowance or commence a proceeding against the personal representative within 60 days of the mailing of the notice of disallowance. She subsequently filed a motion to extend the time to pursue the claim. When this motion was denied, she filed this lawsuit alleging several counts, all of which are based on an allegation that the parties agreed that, upon the commencement of their relationship, they would combine their efforts and earnings and would share equally in anything that they then owned or thereafter acquired.

The validity of the agreement is not at issue here. The only question to be decided is whether the plaintiff had to comply with A.R.S. §§ 14–3803 and 14–3806.

A.R.S. § 14–3803(B) states:

"B. All claims other than administration expenses against a decedent's estate which arise at or after the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:

\* \* \* \* \* \*

2. Any other claim, within four months after it arises."

If a claim is timely presented and disallowed by the personal representative, the plaintiff must file suit within 60 days after the mailing of the notice of disallowance. A.R.S. § 14–3806.

■ The above statutory requirements apply only if the claim is against the estate of the deceased. See *Matter of Estate of Levine*, 145 Ariz. 185, 700 P.2d 883 (App. 1985). However, if the claim is that the property held by the estate is not estate property, i.e., if the claim is of equitable title to specifically identifiable property, the statutory claim procedure does not apply. *Matter of Estate of Levine, supra.*

■ Unmarried cohabitants in the State of Arizona can enter into agreements which will entitle them to the partition of jointly-owned assets. See *Carrol v. Lee*, 148 Ariz. 10, 712 P.2d 923 (1986). While there are some counts in plaintiff's complaint seeking damages for tort and breach of contract which are subject to the statutory claim procedure, there are other counts wherein the plaintiff is alleging an equitable title. As to those counts in which the plaintiff is making a claim to an interest in the property itself, as the equitable title holder, the statutory procedure is inapplicable. As to those counts the trial court erred in granting the motion to dismiss.

Reversed and remanded for further proceedings consistent with this opinion.

LACAGNINA, C.J., and HATHAWAY, J., concur.