Jose MARTINEZ, Plaintiff–Appellant,

v.

Marie ARCHULETA–PADIA, individually and as personal representative of the Estate of Joseph James Padia, a/k/a Joseph M. Padia, a/k/a Joseph Manuel Padia, a/k/a Gus Padia, a/k/a Joseph A. Padia, deceased, Defendant–Appellee.

No. 04CA2082.

Colorado Court of Appeals, Div. II.

June 1, 2006.

Certiorari Denied Oct. 10, 2006.

Castelar M. Garcia, Jr., Alamosa, Colorado, for Plaintiff–Appellant.

Rocco F. Meconi, P.C., Rocco F. Meconi, Canon City, Colorado, for Defendant–Appellee.

DAILEY, J.

In this action for declaratory, injunctive, and monetary relief, plaintiff, Jose Martinez, appeals the trial court's judgment dismissing his complaint against defendant, Marie Archuleta–Padia, individually and as the personal representative of the estate of Joseph James Padia. We reverse and remand for further proceedings.

In June 1993, Joseph Padia agreed, in two written documents, to sell Martinez a trailer home and the plot of land upon which the trailer home sat, for a combined price of $4000. Martinez put down $700 and thereafter paid Padia (and, after Padia died in 1994, his wife) $100 a month for the next eighty-four months, making his total payments on the two purchases $9100.

While Martinez had received title to the trailer home, he had never received title to the underlying land. Martinez lived upon the land. In March 2001, Archuleta–Padia, who claimed ownership of the land, demanded from Martinez $125 a month "rent" for the property. Martinez responded with a demand for conveyance of title to the property to him.

As relevant to this appeal, in May 2003, Martinez filed the present action for declaratory, injunctive, and monetary relief against Archuleta–Padia. As relevant to this appeal, the complaint was based on Archuleta–Padia's alleged breach of contract in refusing to convey title to the property.

The trial court dismissed Martinez's contract-based claims on summary judgment. From facts which were either undisputed or viewed in the light most favorable to Martinez, the trial court determined that these claims were time barred because Martinez had not filed (1) a claim with Padia's estate within one year of Padia's death in 1994, *see*

§ 15–12–803(1)(a), C.R.S.2005; or (2) his action within either three or six years after the contract claims accrued, that is, the end of March 1996, by which time Martinez had paid off the notes and either knew or should have known that he was entitled to the deed to the property, *see* §§ 13–80–101(1)(a), 13–80–103.5(1)(a), C.R.S.2005. Martinez appeals from this ruling.

■ Martinez contends that he did not have to file a claim with Padia's estate and that his filing of this action in May 2003 fell well within the applicable limitations period, either ten years under § 38–41–116, C.R.S. 2005, or eighteen years under § 38–41–101, C.R.S.2005. We agree with Martinez's first assertion, but not his second.

Because, "[i]n a real sense, the action involves a dispute as to the ownership of the decedent's property … [it] is thus not a claim against [the] estate," and § 15–12–803, C.R.S.2005, is inapplicable. *In re Estate of Haywood,* 43 Colo.App. 127, 130–31, 599 P.2d 976, 979 (1979); *see* § 15–10–201(8), C.R.S. 2005 (excluding from the definition of "claims," "demands or disputes regarding title of a decedent … to specific assets alleged to be included in the estate"); *Knott v. Vachal,* 156 Ariz. 386, 752 P.2d 39, 40 (Ct.App.1988)(holding, under similarly worded statute, that "if the claim is that the property held by the estate is not estate property, i.e., if the claim is of equitable title to specifically identifiable property, the statutory claim procedure does not apply"); *Estate of Shapiro,* 723 A.2d 886, 890 (Me.1999)(because "action disputes the decedent's title to and ownership of specific assets, an action specifically excluded from the definition of claim," nonclaim statute was inapplicable).

■ We disagree, however, with Martinez's contention that the limitation periods of either § 38–41–116 or 38–41–101 apply. Section 38–41–116 applies, by its terms, only to certain types of purchasers who attempt to enforce their right or title pursuant to a contract of sale, namely, purchasers who are "not in possession" of the real property at issue. *See Bent v. Ferguson,* 791 P.2d 1241, 1243–44 (Colo.App.1990). Because Martinez

was, at all times, in possession of the land, § 38–41–116 was inapplicable.

Similarly, § 38–41–101 is inapplicable here because it addresses only the time within which to act to prevent another from obtaining title to property by adverse possession. *See San Juan Basin Consortium, Ltd. v. EnerVest San Juan Acquisition Ltd. P'ship,* 67 F.Supp.2d 1213, 1225 (D.Colo.1999). No question of adverse possession is at issue in this case.

■ Initially, it appeared that we, like the trial court, were left with applying either the three- or six-year limitation period applicable to contracts. *See* §§ 13–80–101(1)(a), 13–80–103.5(1)(a). However, we requested and were provided with supplemental briefs on the following question: "Assuming [Martinez's] complaint stated a claim to quiet title to the property under C.R.C.P. 105(a), what, if any, statute of limitations would apply?"

We asked this question because a contract for the sale of real property bestows particular rights:

> [A] contract for the sale and purchase of real property converts a seller's interest in real property to a right to receive payment under a contract, and the purchaser's interest into realty. Moreover, the purchaser obtains an equitable right to maintain a quiet title action and divests the seller of the power to reconvey title.

*Roberts v. Adams,* 47 P.3d 690, 695 (Colo. App.2001) (citation omitted).

■ Here, Martinez alleged that he purchased the property under a contract of sale; he also resided upon the property. His action sought a declaration of his "rights to the property" and an injunction affirmatively requiring Archuleta–Padia to "convey clear title" to him. We conclude that the pleadings thus were sufficient to state a claim for relief to quiet title. *Cf. Schwindt v. Hershey Foods Corp.,* 81 P.3d 1144, 1146 (Colo.App.2003)("Dismissal [under C.R.C.P. 12(b)(5)] is proper only if, based upon the allegations, the plaintiff is not entitled to relief upon any theory of the law."); *Keith v. Kinney,* 961 P.2d 516, 518 (Colo.App.1997)("Actions to quiet title originated as claims in equity to invalidate claims adverse to the claimant.").

In *Barnes v. Spangler*, 98 Colo. 407, 411, 56 P.2d 31, 33 (1936), the supreme court held that "[t]he statute of limitations does not apply in an action to quiet title."

The General Assembly has enacted several statutes of limitations affecting issues of ownership of real property. *See* §§ 38–41–101 to 38–41–119, C.R.S.2005. None of these statutes, however, purport to limit the right of a person who has purchased and is in possession of real property to quiet title in that property.

In 1908, in a similar situation, the West Virginia Supreme Court noted that the rights of a buyer in possession were not time barred:

> We are told that the reason why the circuit court dismissed the bill was that so many years had elapsed from the purchase by [the buyer] of [the seller] that the rights of [the buyer] and of the plaintiffs under him were defeated by time and laches. To so hold would violate obvious principles of justice and established law. Is it possible that a purchaser under executory contract, in actual possession, who had paid the purchase money, can be denied a conveyance merely from lapse of time? It was the duty of [the seller's daughter] to convey the land to her father's purchaser, and that by proper deed.... [A]re we to be told that the rights of [the buyer] are to be lost under the plea that they brought this suit too late? If there had been no possession ... and [the buyer] had slept upon his rights 43 years, the case would be different; but, where he is in possession, time does not bar his rights.

*Nuttall v. McVey*, 63 W.Va. 380, 60 S.E. 251, 253 (1908).

Indeed, "the general rule is that those in actual possession of real estate are never barred by any statute of limitation from seeking to quiet their title." *Conder v. Hunt*, 1 P.3d 558, 564 (Utah Ct.App.2000)(citing cases); *see also Clary v. Stack Steel & Supply Co.*, 611 P.2d 80, 83 (Alaska 1980)("Normally no statute of limitations applies to a quiet title action brought by a person in possession of real property."); *Tench v. Galaxy Appliance & Furniture Sales, Inc.*, 255 Ga.App. 829, 567 S.E.2d 53, 58 (2002)(quoting *Davis v. Newton*, 215 Ga. 58, 108 S.E.2d 809, 811 (1959): "[T]here exists no statute of limitation for the recovery of an equitable interest in land. ... 'One who is in possession of property under a claim of ownership will not be guilty of laches for delay in resorting to a court of equity to establish his rights." (citations omitted)); *Steward v. Panek*, 251 Mich.App. 546, 652 N.W.2d 232, 239 (2002)("The equitable ownership rights that accrue to a vendee upon payment of the full purchase price cannot be lost by laches or the statute of limitations as long as the vendee is in possession and enjoyment of the estate according to the vendee's rights."); *Garcia v. Garcia*, 111 N.M. 581, 808 P.2d 31, 38 (1991)(Plaintiff's "status as purchaser under a real estate contract, which we are assuming she had fully performed, qualified her as the equitable owner of the property, and that ownership was not cut off by the running of the statute of limitations on claims to enforce written contracts."); *Viersen v. Boettcher*, 387 P.2d 133, 138 (Okla.1963) (recognizing that "an action to quiet title, where the plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time, and no statute of limitation bars his right to the relief sought").

These authorities are consistent with the supreme court's decision in *Barnes v. Spangler*, and we find them persuasive. Therefore, we conclude that, where, as here, no legislative enactment addresses the specific situation, the statute of limitations does not bar a person who, or an entity which, has purchased and is in possession of real property from asserting his, her, or its rights therein. Because Martinez was in possession of the real property under an assertion of ownership derived from a contract to purchase the land, we conclude that the trial court erred in dismissing his claims on statute of limitations grounds.

Accordingly, the judgment is reversed, and the case is remanded to the trial court for further proceedings.

Judge ROTHENBERG and Judge LOEB concur.