**FIRST NATIONAL BANK, a national banking association fka Rocky Mountain Bank, Plaintiff–Appellant,**

v.

**BP WEST COAST PRODUCTS LLC, a Delaware corporation fka Atlantic Richfield Company; John Hancock Financial Services Group, a Delaware corporation; John Hancock Life Insurance Company, a Massachusetts Insurance corporation dba John Hancock Life Insurance and Affiliated Companies; John Hancock Variable Life Insurance Company, a Massachusetts insurance corporation, Defendants–Appellees.**

No. 04–16803.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed Jan. 18, 2007.

Howard C. Meyers, Burch & Cracchiolo, Phoenix, AZ, for Plaintiff–Appellant.

Jeffrey H. Wolf, Esq., Greenberg Traurig, LLP, William Demlong, Kunz Plitt Hyland Demlong & Kleifield, P.C., Phoenix, AZ, for Defendants–Appellees.

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and

HENDERSON, District Judge.*

## MEMORANDUM **

1. The district court properly granted summary judgment in favor of Appellees John Hancock Financial Services Group, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company (John Hancock), and BP West Coast Products LLC (BP West), because no material issue of fact was raised regarding whether an accord and satisfaction resolved the dispute among the parties, and because BP West was a third party beneficiary to the accord. *See Frank Culver Elec., Inc. v. Jorgenson*, 136 Ariz. 76, 664 P.2d 226, 228 (Ariz.Ct.App.1983) (holding that an accord and satisfaction may arise from the parties' conduct); *see also Supplies For Industry, Inc. v. Christensen*, 135 Ariz. 107, 659 P.2d 660, 662 (Ariz.Ct.App.1983) (describing third party beneficiary status); *Nahom v. Blue Cross & Blue Shield of Ariz., Inc.*, 180 Ariz. 548, 885 P.2d 1113, 1118 (Ariz.Ct.App.1994) (same).

2. The district court did not abuse its discretion in awarding attorneys' fees to John Hancock and BP West pursuant to Ariz.Rev.Stat. (A.R.S.) § 12–341.01(A). The Bank's pleadings established a contractual dispute, and the district court's order relied on Arizona contract law. The contract at issue, therefore, had "some causal connection with the claim to justify an award of attorneys' fees." *Chaurasia v. General Motors Corp.*, 212 Ariz. 18, 126 P.3d 165, 173 (Ariz.Ct.App.2006) (citation omitted). No privity of contract was required. *See id.* at 177.

John Hancock was not a disinterested stakeholder, and was not required to file an interpleader action. "[T]he general purpose of an interpleader action is to decide the validity and priority of *existing claims* to a res." *Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367, 1369 (9th Cir.1997) (emphasis in the original). However, the Bank did not limit its claims to the respective rights in the annuity. Rather, the Bank asserted additional claims against John Hancock.

**AFFIRMED.**