STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, v. NEBRASKA STATE SAVINGS BANK, APPELLEE: CTTO H. ANDERSON, INTERVENER, APPELLANT.

FILED NOVEMBER 13, 1934. No. 29015.

H. A. *Bryant* and *Charles H. Hood,* for appellant.

F. C. *Radke, Barlow Nye, W. A. Crossland, J. J. Thomas* and *J. F. Berggren, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ., and REDICK, District Judge.

REDICK, District Judge.

April 15, 1930, the Saunders County National Bank and Nebraska State Savings Bank, both of Wahoo, Nebraska, had failed and were in the hands of a receiver for liquidation. Otto H. Anderson intervened in the receivership proceedings for the purpose of having declared as a trust fund payable before all other claims the sum of $4,000 which he claims was deposited in the. State Savings Bank for the special purpose of paying off a note and mortgage which Anderson had theretofore given to the Mutual Benefit Life Insurance Company of Newark, New Jersey. Upon trial the district court for Saunders county found that the amount in question did not constitute a trust fund nor augment the assets of the Nebraska State Savings Bank, and dismissed the petition of intervention, and intervener appeals.

The question presented arises out of the following facts which are undisputed: The original loan by Anderson was procured from the Bank of Weston and assigned to the insurance company. On February 24, 1930, Anderson gave his check on the Weston Bank, where he had an account, payable to the Saunders County National Bank, and

delivered it to the cashier of the Weston Bank with instructions to pay off the mortgage and secure a release. The Weston Bank sent the check to the National Bank with instructions to pay the Anderson loan and send release of the mortgage.

The National Bank and Savings Bank, while separate corporations, were conducted by the same officers, F. J. Kirchman being the president and general manager of both banks. Separate sets of books were kept for each bank under the direction of Kirchman.

The Anderson check was received by the National Bank, in the sum of $4,220 and held as a cash item until March 10, 1930; $220 was remitted to the insurance company for interest, and the balance of $4,000 placed to the credit of Anderson on the books of the Savings Bank. On the same day a deposit of the same item was entered to the credit of the Savings Bank on the books of the National Bank. Anderson had no knowledge of these book entries or the transactions they purported to show. Kirchman, president of the National Bank, testified that at the time of these entries the reserve of the National Bank was greatly depleted, and that the purpose of the entries was to hold up the reserve until he could remit, and that he had no authority from Anderson to make a deposit to his account in the Savings Bank. He further testified that the Savings Bank had no account with anybody except the National Bank, and that every transaction of the Savings Bank was indicated on the National Bank's books. The Savings Bank did not receive actual money, but it got a credit. The Savings Bank was a sort of vehicle to shift back and forth various transactions in order to bolster up the condition of the National Bank. There was no actual transfer of funds between the two banks. The most that can be said of the transaction is that the Savings Bank was credited with $4,000 on the books of the National Bank and debited in a like sum on its own books to Anderson.

Before a trust fund may be established as a prior claim against the general assets of an insolvent bank, it must

appear that such fund operated to augment the assets of the bank (*State v. Farmers State Bank,* 121 Neb. 532), and it is the claim of the intervener that the assets of the Savings Bank were so augmented by the transactions above recited. We are unable to assent to this proposition. In our view, the transaction consisted of mere bookkeeping entries made for the purpose of bolstering up the reserve of the National Bank, and that the assets of the Savings Bank were not thereby augmented. The credit on the books of the National Bank was offset or balanced by the debit to Anderson on the books of the Savings Bank and the creditors of the latter were in no better position than they were before. Suppose the credit had been given to the National Bank on the books of the Savings Bank instead of to Anderson, and a corresponding debit upon the books of the National Bank, could it be contended that the assets of the Savings Bank were thereby augmented? By augmentation of assets is surely meant an increased amount in possession of the debtor bank for the satisfaction of its creditors. Where the total amount due its creditors is increased to the same extent as its assets, no augmentation of the latter is apparent. The mere fact that the amount in question constituted a trust fund in the hands of the National Bank to the knowledge of the Savings Bank did not of itself impress a trust upon the fund, even if it had been actually received by the Savings Bank, any more than funds deposited by an executor or trustee in a bank are so impressed. The bank is not substituted as executor or administrator, nor as trustee, of such funds, although it may be charged as trustee *ex maleficio* if it knowingly or negligently permits the executor, administrator or trustee to divert the funds. For example, if in such case the bank accepts payment from the fund or applies it to the personal debt of the executor or administrator (*Allen v. Puritan Trust Co.,* 211 Mass. 409) it will be held as trustee on the above principle. But it has no duty to see to it that the funds are properly applied by the executor in the management of the estate

(*State v. Farmers & Merchants Bank,* 112 Neb. 840). It is conceded that Anderson does not stand in the relation of a depositor of the Savings Bank because the deposit was made without his knowledge or consent, and such relationship arises only upon contract, express or implied. *State v. Citizens State Bank,* 117 Neb. 358.

An attempt was made to show that the deposit in question credited to the Savings Bank was used by it in the usual course of business, but the evidence fails to show that this fund was so used, and the presumption is that the bank used its own funds rather than the trust fund if such existed. *State v. Bank of Commerce,* 54 Neb. 725; *City of Lincoln v. Morrison,* 64 Neb. 822.

But there is another reason preventing the allowance of the sum in question as a trust fund, viz., the evidence fails to establish that assets came into the hands of the receiver sufficient to pay the claim, and therefore it is not shown that there is any mass of assets upon which the trust can be impressed.

It follows that the judgment of the district court is correct and is

AFFIRMED.