1999 ME 25

**ESTATE OF Abraham SHAPIRO.**

Supreme Judicial Court of Maine.

Argued Oct. 9, 1998.
Decided Feb. 10, 1999.

David A. Soley (Orally), Todd S. Holbrook, Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for appellant.

Sumner H. Lipman (orally), Keith R. Varner, Lipman & Katz, P.A., Augusata, for appellees.

Before WATHEN, C.J., and SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] Phillip D. Shapero appeals from a judgment entered in the Penobscot County Probate Court (*Woodcock J.*) dismissing his claim against the estate of Abraham Shapiro for failure to file necessary documents in a timely manner. Shapero assigns multiple errors to the decision of the Probate Court, and the personal representative cross-appeals from certain evidentiary rulings of the court. Because we conclude that the claim was not subject to the time constraints applied by the Probate Court, we vacate the dismissal of Shapero's claim.

#### I. Background

[¶ 2] Phillip Shapero is the brother of Abraham Shapiro, who died on January 5, 1995.[1] Phillip alleges that in the years prior to Abraham's death, the brothers engaged in a series of real estate transactions and did so primarily in the form of a partnership.

---

**1.** The brothers spelled their last names differently. To avoid confusion we refer to Abraham Shapiro as "Abraham" and Phillip Shapero as "Phillip."

[¶ 3] Upon Abraham's death, his surviving spouse, Phyllis Shapiro, initiated probate proceedings in Penobscot County Probate Court and was appointed personal representative of the estate. The first notice to potential creditors of the estate was published on January 28, 1995. On May 23, 1995, Phillip's attorney mailed a claim against the estate to the Probate Court, the personal representative, and the attorney for the personal representative. The claim sought "recovery of any property in the estate belonging to [Phillip] or his share of partnership property." The personal representative's attorney received the claim on May 25, 1995, and there is evidence that the Probate Court received the claim on May 23, 1995.[2] The court, however, did not docket the claim, instead mailing it back to Phillip's attorney because it was not accompanied by the filing fee. Phillip's attorney returned the claim with the filing fee, and it was then docketed on May 31, 1995.[3]

[¶ 4] On August 3, 1995, the personal representative disallowed the claim.[4] Phillip's attorney mailed a "Petition to Resolve Disputed Claim" to the court and to the personal representative's attorney on September 26, 1995. Again, however, he failed to include the appropriate filing fee with the petition. The personal representative's attorney received that petition on September 27, 1995. In the absence of the filing fee, however, the Register of Probate declined to docket the petition. Thus, there is no evidence of the date that the court received the petition. Phillip's attorney did not return the petition to the court with the filing fee until December 1, 1995.

[¶ 5] No action was taken on the petition to resolve the disputed claim until ten months later, when the personal representative filed a motion to dismiss the petition, alleging that Phillip had failed to comply with the Probate Code's time constraints.[5] Specifically, she argued that the court should dismiss Phillip's claim because both the claim and the petition were filed late. After hearing, the Probate Court granted the motion to dismiss, articulating no basis for the decision.

[¶ 6] What followed was a series of motions filed by Phillip over the next several months, each urging the court to vacate its dismissal of his claim.[6] In addition, Phillip

2. Handwritten notations, on the back of the claim mailed to the Probate Court, stated "filed as of 23 May" and "[personal representative] has been notified."

3. Because the notice to creditors was first published on January 28, 1995, a timely claim must have been presented on or before May 28, 1995. 18–A M.R.S.A. § 3–803(a)(1) provides that:

> [a]ll claims against a decedent's estate which arose before the death of the decedent, including claims of the State and any subdivision of the State, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by another statute of limitations or nonclaim statute, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following:
> (1) The time provided by section 3–801, subsection (b) for creditors who are given actual notice, and the time provided in section 3–801, subsection (a) for all creditors barred by publication ....

18–A M.R.S.A. § 3–803(a)(1) (1998). Section 3–801(a) provides that "a personal representative upon appointment shall publish a notice to creditors once a week for 2 successive weeks in a newspaper of general circulation ... notifying the creditors of the estate to present their claims within 4 months after the date of the first publi-

cation of the notice or be forever barred." 18–A M.R.S.A. § 3–801(a) (1998).

4. After disallowance, a claim "is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days after the mailing of the notice of disallowance ...." 18–A M.R.S.A. § 3–806(a) (1998). Moreover, section 3–804(3) provides that "no proceeding thereon may be commenced more than 60 days after the personal representative has mailed a notice of disallowance ...." 18–A M.R.S.A. § 3–804(3) (1998).

5. Sections 3–803 and 3–804, which bar "claims" that do not comply with their requirements, are sometimes referred to as "nonclaim" statutes.

6. On January 27, 1997, Phillip filed a Rule 59 motion to alter or amend the judgment or, in the alternative, to reconsider the judgment. On the same day, he also filed a Rule 60(b) motion for relief from judgment, asserting that any failure to file was excusable as simply a clerical error or technical deficiency. On May 30, 1997, Phillip filed a Rule 60(a) motion for relief from judgment, asserting that a claim should be docketed when filed, not when the filing fee is paid. On July 11, 1997, Phillip filed a Rule 60(b)(1) and (6) motion for relief from judgment, alleging excusa-

requested findings of fact and conclusions of law after the decision on each pending motion. Ultimately, the court denied all motions without articulating a basis for any denial.[7] This appeal and cross-appeal were filed following the entry of denial on the last of the motions.

[¶ 7] Appealing the denial of each of his motions to set aside the dismissal, as well as the dismissal itself, Phillip presents this Court with multiple reasons why the dismissal should be vacated. He argues that: (1) the Probate Court did not have jurisdiction over his claim; (2) if the court had jurisdiction, the deadlines set out in sections 3–803(a) and 3–804(3) did not apply to the type of claim he filed; (3) if the deadlines did apply, he met each of the deadlines; and (4) if the deadlines applied, and he failed to meet them, his failure to do so was the result of excusable neglect due to his attorney's alcoholism.[8]

[¶ 8] The personal representative urges this Court not to reach many of those issues because of Phillip's failure to raise them in his response to her motion to dismiss, or, at a minimum, in Phillip's first post-dismissal motion. Much time and expense could have been saved if Phillip had set out each of those arguments in his response to the personal representative's motion to dismiss. Indeed, the court had the discretion to exercise its authority and deny the successive motions because of Phillip's failure to assert the issues in a timely fashion, thereby precluding Phillip's *seriatim* filings.[9] It did not do so. Instead, the court considered and decided each motion individually over a period of months, at one point even deferring the filing

of an additional motion until it had ruled on the motions then pending.[10] The personal representative does not argue that any of the motions were filed outside of the time constraints established by Rules 59 or 60. On this record, we will not set aside the court's decision to entertain the series of motions on their merits. *See* M.R. Civ. P. 1.

[¶ 9] We therefore address the merits of Phillip's arguments and conclude that while the court correctly exercised its jurisdiction in this matter, it erred when it treated Phillip's filings as if they presented "claims" subject to the time constraints of 18–A M.R.S.A. §§ 3–803 and 3–804. Accordingly, we vacate the dismissal and do not reach the other issues raised by Phillip's appeal or the personal representative's cross-appeal.

## II. Jurisdiction

[¶ 10] Because lack of subject matter jurisdiction would be fatal to any of the Probate Court's holdings, and because such a claim may be raised at any time during the proceedings, *see Guardianship of Gabriel W.,* 666 A.2d 505, 507 (Me.1995), we address Phillip's Rule 60(b)(4) motion first. In ruling on a Rule 60(b)(4) motion, the "court may relieve a party or the party's legal representative from a final judgment, order, or proceeding ... [when] the judgment is void." M.R. Civ. P. 60(b)(4). "[A] party may move to set aside a judgment for voidness under Rule 60(b)(4) if the court which rendered it lacks jurisdiction of the parties or the subject matter, adjudicates issues beyond the scope of those submitted for decision, or acts in a

---

ble neglect due to his attorney's alcoholism. Finally, on October 3, 1997, Phillip filed a Rule 60(b)(4) motion for relief from judgment, asserting that his claim was not a "claim" as defined by the Probate Code and therefore was not subject to the nonclaim statutes and that the court lacked jurisdiction to hear the claim.

7. Phillip filed timely appeals from the original order dismissing his pleadings and the denials of each of his post-dismissal motions. The earlier appeals were stayed pending resolution of the remaining motions. All matters have been consolidated for review here.

8. Phillip was represented, during the majority of post-dismissal filings and on appeal, by a different attorney.

9. *See Avaunt v. Town of Gray,* 634 A.2d 1258, 1260 (Me.1993) (court did not abuse its discretion when it denied a motion to alter or amend a judgment, based on the moving party's failure to raise issues in a timely fashion).

10. The court never articulated a reason for denying any of the motions presented to it. We assume from that silence and from the court's continued consideration of the motions, as well as the deferral of at least one motion pending review of those motions not yet acted upon, that the court considered each motion on the merits.

manner inconsistent with due process." *Land Use Regulation Comm'n v. Tuck*, 490 A.2d 649, 652 (Me.1985). A motion for relief pursuant to Rule 60(b)(4) is not subject to the discretion of the trial court, rather, the order is either valid or void. *See Hamill v. Bay Bridge Assocs.*, 1998 ME 181, ¶ 4, 714 A.2d 829.

■ [¶ 11] Phillip asserts that because his action to resolve a dispute over title to property was not a "claim" within the Probate Court's definition, the court lacked jurisdiction over the claim, thereby rendering any action on the claim null and void. *See Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 365 (Me.1972) (judgments beyond the jurisdiction of the court are void).

[¶ 12] The term "claim" has a specific definition within the Probate Code. *See* 18–A M.R.S.A. § 1–201(4) (1998). By definition a claim "does not include estate or inheritance taxes, or *demands or disputes regarding title of a decedent or protected person to specific assets alleged to be included in the estate.*" 18–A M.R.S .A. § 1–201(4) (emphasis added). This distinction is important for purposes of determining the procedures controlling Phillip's action. It has no effect, however, on the jurisdiction of the Probate Court in this matter. While the court has exclusive jurisdiction over proceedings to determine how decedents' estates are to be administered, expended, and distributed, *see* 18–A M.R.S.A. § 3–105, it also "has *concurrent jurisdiction* of any other action or proceeding concerning a succession or to which an estate … may be a party, *including actions to determine title to property alleged to belong to the estate.* … " 18–A M.R.S.A. § 3–105 (emphasis added).[11] Accordingly, the Probate Court had jurisdiction to enter-

tain Phillip's action to determine title to the disputed property.

### III. The Dismissal

[¶ 13] Phillip also contends that the court erred by dismissing his claim for failure to comply with sections 3–803 and 3–804 because his action was not a "claim" as defined within the Probate Code. Believing that this distinction robbed the court of its jurisdiction, Phillip addressed this error in his Rule 60(b)(4) motion, asserting that the Probate Court lacked subject matter jurisdiction over the action. Because the court had subject matter jurisdiction and the judgment was not void, the motion is more properly termed a motion for relief from judgment pursuant to Rule 60(b)(1).[12]

■ [¶ 14] We review a court's denial of a motion for relief from judgment for an abuse of discretion. *See Rowland v. Kingman*, 1997 ME 80, ¶ 9, 692 A.2d 939. In order to exercise its discretion, the court must understand the factors and the law material to its decision, and must weigh the factors accordingly. Ordinarily, we defer to the trial court's ability to give weight to the appropriate factors and will find abuse only where the court makes a "serious mistake" in weighing those factors. *See West Point–Pepperell, Inc. v. State Tax Assessor*, 1997 ME 58, ¶ 7, 691 A.2d 1211 (*quoting Coon v. Grenier*, 867 F.2d 73, 78 (1st Cir.1989) (citations omitted)). When, however, the court applies its discretion based on a serious mistake of facts or law material to the issues before it, it cannot give proper weight to the factors to be considered, and we will conclude that discretion to have been abused.

[¶ 15] The personal representative's motion to dismiss was based entirely on her allegation that Phillip's claim was barred as

---

11. Phillip has filed a similar action in the Superior Court. That action has been stayed pending decision on this matter and a resolution of the applicability of *res judicata* principles to the Superior Court matter.

12. A Rule 60(b)(1) motion for relief from judgment cannot be used as a substitute for a direct appeal of the court's decision. *See Calaska Partners, L.P. v. Dahl*, 676 A.2d 498, 501 (Me.1996) ("Rule 60(b) is not intended as an alternative method of appeal"). *See also Ahmed v. Rosenblatt*, 118 F.3d 886, 891 (1st Cir.1997); *United States v. 329.73 Acres of Land*, 695 F.2d 922, 925–26 (5th Cir.1983). The trial court should not entertain such a motion where it is simply a substitute for a direct appeal. Here, however, the motion brought to the probate court's attention a fundamental misunderstanding about the nature of Phillip's pleadings. Moreover, because Phillip appealed from the original dismissal of his pleadings, his Rule 60(b) motion did not substitute for that appeal.

untimely. Accordingly, whether the court dismissed Phillip's petition for failure to comply with what it understood to be a mandatory filing deadline or as a sanction for the late filings, the dismissal had to have been based on the court's conclusion that Phillip's petition represented a "claim" under sections 3–803 and 3–804, for purposes of determining the applicable filing deadlines.

[¶ 16] Phillip's action disputes the decedent's title to and ownership of specific assets, an action specifically excluded from the definition of claim. Accordingly, because the claim seeks to recover "any property in the estate belonging to [Phillip] or his share of partnership property," it is not a "claim" within the definition of section 1–201(4),[13] and the filing requirements for stating a "claim" are not applicable to Phillip's pleadings.

[¶ 17] Therefore, the Probate Court erred when it applied 18–A M .R.S.A. § 3–803(a) and 18–A M.R.S.A. § 3–804(3) to Phillip's action. The personal representative does not suggest any other time constraint for matters related to disputes over title to property,

nor did she allege any prejudice or undue delay in Phillip's filings. Indeed, the personal representative did not act to seek dismissal of the filings until ten months after the final docketing of Phillip's petition to resolve the disputed claim. Consequently, the court erred when it barred Phillip's action for failure to comply with sections 3–803(a) and 3–804(3) and when it denied Phillip's motion for relief from judgment addressing the court's misunderstanding of the nature of Phillip's pleadings.

The entry is

Judgment of the Probate Court dismissing Phillip Shapero's action vacated. Remanded to the Probate Court for further proceedings consistent with this opinion.

---

**13.** *See also Estate of Chaney,* 232 Neb. 121, 439 N.W.2d 764, 772 (1989) (action to recover specific trust property is not a claim as defined in the Probate Code and need not be filed as a claim against the estate); *Knott v. Vachal,* 156 Ariz. 386, 752 P.2d 39, 40 (1988) (if the claim is that the property held by the estate is not estate property, the statutory claim procedure does not apply); *Bradshaw v. McBride,* 649 P.2d 74, 77 (Utah 1982) (actions for specific performance are not covered by the nonclaim statute).